UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILES EUGENE JOHNSON,

               Plaintiff,                            Case No. 12-13191

v.                                       Paul D. Borman
                                       United States District Judge

COMMISSIONER OF
SOCIAL SECURITY,                        Mark A. Randon
                                       United States Magistrate Judge

               Defendant.
_____/

**OPINION AND ORDER**
**(1) DENYING PLAINTIFF'S OBJECTION (Dkt. No. 15);**
**(2) ADOPTING THE MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION (Dkt. No. 14);**
**(3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. No. 8);**
**AND (4) GRANTING DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT (Dkt. No. 12)**

This matter is before the Court on Plaintiff's Objections to Magistrate Judge Randon's

May 20, 2013 Report and Recommendation. (Dkt. No. 15, Objections). Having conducted a *de*

*novo* review of the parts of the Magistrate Judge's Report and Recommendation to which

objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court denies Plaintiff's

Objection, adopts the Magistrate Judge's Report and Recommendation, denies Plaintiff's Motion

for Summary Judgment, grants the Defendant Commissioner's Motion for Summary.

## I. BACKGROUND

The Administrative Law Judge's ("ALJ") findings and the pertinent portions of the

Administrative Record are accurately and adequately set forth in the Magistrate Judge's Report

and Recommendation and the Court adopts them here. (Dkt. No. 14, Report and

Recommendation at 4-6). In summary, the Plaintiff, applied for disability benefits on September

17, 2008, alleging a disability on-set date of May 1, 2003. (Tr. 100-06, 132). Plaintiff's

application was denied and Plaintiff requested a hearing before an ALJ. The hearing was held

on June 9, 2010, and Plaintiff was represented by counsel and a Vocational Expert testified. (Tr.

33-48). The ALJ found that Plaintiff suffered from coronary artery disease, status post coronary

artery bypass graft and hypertension. (Tr. 22). At step three of the disability analysis the ALJ

determined that Plaintiff's impairments did not meet or medically equal one of the listings in the

regulations. (Tr. 22-24). The ALJ then determined that Plaintiff had the Residual Functional

Capacity ("RFC") to perform a full range of light exertional level work. (Tr. 24). Ultimately,

the ALJ held that Plaintiff could perform his past relevant work as a utility inspector and

accordingly denied benefits without reaching step five of the disability analysis.

     The Magistrate Judge agreed with the Plaintiff that the ALJ had erred when evaluating

the testimony of the VE. (*See* Dkt. No. 14, 6, 9). First, the Magistrate Judge noted that the ALJ

referenced the Dictionary of Occupational Titles ("DOT") code 763.688-010 in her decision for

the job of "utility inspector" which does not actually exist. The Magistrate Judge held that the

ALJ misinterpreted the VE's handwriting when he was summarizing Plaintiff's past relevant

work and the VE was in fact referencing DOT number 763.684.010, Assembly Inspector

(furniture). (Tr. 163). The VE testified during the hearing that the inspector position is

generally performed at the light exertional level, however, it is clear that this testimony was in

error, and that the DOT actually provides that the inspector position, for number 763.684.010, is

performed at the medium exertional level. *See* Dictionary of Occupation Titles, Assembly

Inspector, http://www.occupationalinfo.org/76/763684010.html (Last visited, March 24, 2014).

     The Magistrate Judge also held that the ALJ erred because she should have affirmatively

asked the VE, on the record, "whether the evidence he provided conflicted with the information provided in the DOT.  If it did, the ALJ should then have: (1) elicited a reasonable explanation for the conflict from the VE; and (2) explained in her decision how she resolved any conflict." (Dkt. No. 14, at 9); *see also* Soc. Sec. R. 00-4, 2000 WL 1898704, at *3-4 (2000).

The Magistrate Judge found that this error was harmless, however, because there was substantial evidence in the record, namely Plaintiff's own testimony, that supported a finding that Plaintiff could perform his past relevant work as he actually performed it - at a light exertional level.  *See* 20 C.F.R. § 404.1560(b)(2).  The Magistrate Judge further held that the ALJ properly set forth her reasons for discounting Plaintiff's allegations of back pain by citing to the fact that he claimed back pain from at least the 1990s but he continued to work for Ford Motor Company until May, 2003.  The Magistrate Judge concluded that Plaintiff's motion for summary judgment should be denied and Defendant Commissioner's motion for summary judgment should be granted.

Before the Court is Plaintiff's Objection to the Magistrate Judge's Report and Recommendation.  (Dkt. No. 15, Objection).  Plaintiff objects only to the Magistrate Judge's finding that the ALJ's error in evaluating the VE's testimony was harmless.

## II. STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions.  Fed. R. Civ. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004).  In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence.  *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social

Security as to any fact, if supported by substantial evidence, shall be conclusive ... "). Substantial evidence includes any relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Id.* (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections enable the Court to focus on the particular issues in contention. An "objection" that merely disagrees with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection.

4

*Id.*  Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act."  *Id*.

### III. ANALYSIS

Plaintiff agrees with the Magistrate Judge that the VE mistakenly testified that the DOT classification of Plaintiff's previous inspector position was a light exertional level as performed generally in the national economy rather than a medium exertional level.  Further, Plaintiff agrees with the Magistrate Judge that the ALJ erred when she failed to reconcile that inconsistency in her decision or during the hearing.  Plaintiff objects, however, to the Magistrate Judge's holding that these errors were harmless because Plaintiff claims that there is no evidence in the record that supports the ALJ's finding that Plaintiff could perform his past relevant work as a utility inspector.  (Dkt. No. 14, at 9).

The ALJ and the VE had the following relevant exchange during the hearing:

ALJ:    Now you've completed a past relevant work summary which I have included in the record, and that summary indicated that Mr. Johnson had worked in the past as a maintenance worker and an inspector, the inspector being light, the maintenance worker being medium as generally performed.  Based on the testimony here today, is there any reason to change that work summary?

VE:    Due to the fact that he did alternate jobs, Your Honor, as he testified, which is not uncommon, so I would indicate that all of his past relevant work would have been at the medium level of physical tolerance as he performed it.

ALJ:    All right.  Would – as far as actual performance in the national economy, would that inspector job remain at light?

VE:    Yes, Your Honor.

5

(Tr. 46).  The ALJ then set forth in her decision that Plaintiff's past relevant work,

> is a job the claimant stated he performed at a medium exertional level but that the vocational expert state is generally performed at light. ... the undersigned finds that the claimant was able to perform [his past relevant job] as generally performed.  The vocational expert testified that the claimant's past relevant work as a utility inspector is generally performed at the light exertional level.  The claimant's residual functional capacity was determined to be "light" in the residual functional capacity discussion above.

(Tr. 26-27).

Plaintiff argues that because the VE testified that all of his previous work was performed at a medium exertional level and the DOT classified his previous position as a medium exertional level, it was error to find that he could still perform his past relevant work when his RFC was determined to be "light."  Plaintiff specifically argues that there is nothing in the record that could support a finding that Plaintiff performed his previous position at a "light" level.

The Court is not persuaded by Plaintiff's argument and agrees with the Magistrate Judge's finding that the ALJ's error in failing to reconcile the VE's testimony and the DOT's classification was harmless.  As the Magistrate Judge accurately explains, at step four of the disability analysis an ALJ is required to determine whether an individual's impairments prevent him from doing his past relevant work considering his RFC.  *See* 20 C.F.R. § 404.1520(f).  The regulations provide that "past relevant work" means work performed either <u>as the claimant actually performed the work</u> or as it is generally performed in the national economy.  *See* 20 C.F.R. § 416.960(b)(2) (noting that an ALJ "will" ask the claimant for information regarding his past relevant work and "may use the services of vocational experts or vocational specialists, or other resources such as the "Dictionary of Occupational Titles" ... A vocational expert or

6

specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy.  Such evidence [offered by vocational experts] may be helpful in supplementing or evaluating the accuracy of the claimant's description of his past work."); *Banks v. Massanari*, 258 F.3d 820, 827 (8th Cir. 2001) (vocational expert testimony is not required until step five of the sequential analysis); *Parker v. Secretary of Health & Human Servs.*, 935 F.2d 270 (6th Cir. 1991) (table decision) (noting "that expert vocational testimony is not required when a finding of non-disability is based on the claimant's ability to perform his past work.").

Plaintiff's objections fail to address Plaintiff's testimony at the hearing which constitutes substantial evidence in the record that he was still able to perform his past relevant work and that the work he previously performed was actually performed at the light level rather than the medium level.  Plaintiff testified that he performed approximately five different jobs which consisted of checking seats, tracks, and cushions and that he rotated to one of those five jobs each week.  (Tr. 36).  Plaintiff explained that the inspector position did not involve "any really heavy lifting" and that only one (of the five) jobs required him to lift up the 20 pound seat to check the bolts and the track.  (Tr. 36).  The regulations define "light work" as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighting up to 10 pounds." 20 C.F.R. § 404.1567 (b).

Plaintiff also testified that but for his retirement in 2003 he would still be working.  (Tr. 38, 39).  Specifically, when asked why he believed that he could no longer work in May 2003, Plaintiff testified: "so it got to the point where, you know, it's just, it's – my back hurt every day.

So, you know, when it came time for me to retire, I, I took the easy way and just went for my retirement.  Because if I would have got [sic] transferred to another job or something, I don't think I would have been able to, you know – especially,[the inspector position] was kind of light, so it kept me working."  (Tr. 38).  Thereafter, Plaintiff again affirmed that he believed he could still perform his previous work when the ALJ questioned him further about his back pain which began in the 1990s:

> ALJ:        And the problem that I'm having, Mr. Johnson, is that you, you worked after that period of time, and you were able to do so.  And now, in May of 2003, you're saying you could no longer work because of that back pain.  But there's no, there's no –
>
> Johnson:    But –
>
> ALJ:        – treatment at that time.
> ...
> Johnson:    Oh, excuse me.  I didn't mean to – but as of 2003, I was able to retire.  So, if I wouldn't I would –
>
> ALJ:        Okay.
>
> Johnson:    – have probably still have been, you know, trying to work.  But because I was an inspector, which required light work duty, you know, I was able to work.

(Tr. 38-39).

Plaintiff's testimony constitutes substantial evidence that only one of the five jobs he rotated to on a weekly basis required him to lift (at most) 20 pounds, that Plaintiff believed his work did not require heavy lifting and that he found that work was "light".  Further, Plaintiff testified that he did not stop working because he was unable to perform the job functions but because he went the "easy way" and took retirement.  Indeed, Plaintiff's testimony establishes that he would still be work but for being offered retirement.  *See Scarborough v. Colvin*, 2013

WL 3423891 (E.D. Tenn. July 8, 2013) (recognizing that "an ALJ may determine whether a plaintiff is capable of performing past relevant work by asking the plaintiff information about the work he/she has done in the past" and holding that a plaintiff's own testimony constituted substantial evidence that he could perform his past relevant work.).

Given this unequivocal testimony, Plaintiff's objection cannot be sustained.  As the Magistrate Judge accurately noted, "any conflict pertains to whether Plaintiff can perform the inspector job as it is generally performed in the national economy."  (Dkt. No. 14 at 9). However, the regulations provide that a VE can provide testimony regarding whether Plaintiff can perform his past position as it is generally performed in the national economy or as Plaintiff actually performed it.  Here, there is other substantial evidence, Plaintiff's own testimony, that supports the ALJ's finding that Plaintiff could perform his past relevant work as he actually performed it.  Ergo, there is substantial evidence in the record that supports the ALJ's finding that Plaintiff could still perform his past relevant work and Plaintiff's Objection is denied.

## IV. CONCLUSION

For all these reasons, the Court DENIES Plaintiff's Objections (Dkt. No. 14), ADOPTS the Report and Recommendation (Dkt. No. 13), DENIES Plaintiff's Motion for Summary Judgment (Dkt. No. 9), GRANTS Defendant Commissioner's Motion for Summary Judgment (Dkt. No. 12), and AFFIRMS the decision of the Commissioner.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 28, 2014

9

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 28, 2014.

s/Deborah Tofil
Case Manager